# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Asia Co. Ltd.,

            Plaintiff,        Case No. 20-10297

v.                                Judith E. Levy
                                United States District Judge

Yazaki North America,
                                Mag. Judge R. Steven Whalen

           Defendant.

_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR IMMEDIATE, EX PARTE INJUNCTIVE RELIEF [1]

This is a breach of contract case. Plaintiff filed its complaint on February 5, 2020. (ECF No. 1.) In its prayer for relief, Plaintiff requests that the Court "award immediate ex-parte injunctive relief enjoining Defendant from contacting Plaintiff's suppliers with requests to not supply Plaintiff with its components and directing them [to] send their components directly to Defendant." (ECF No. 1, PageID.10.) Plaintiff also requests "immediate ex-parte injunctive relief ordering Defendant to send TE Korea and Mexico notification that it should disregard its earlier

request that TE Korea and Mexico not supply Plaintiff with the cabling it needs for the 2021 model year." (*Id.*)

Eastern District of Michigan Local Rule 65.1 provides that "[r]equests for temporary restraining orders and for preliminary injunctions must be made by a separate motion[.]" Federal Rule of Civil Procedure 65(b) provides that a court may grant *ex-parte* injunctive relief only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*," Fed. R. Civ. Proc. 65(b)(1)(a) (emphasis added), and " the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(b). Plaintiff has not filed a separate motion for immediate, *ex-parte* injunctive relief. Nor does Plaintiff's complaint include either allegations that Plaintiff will suffer immediate and irreparable injury prior to Defendant's being heard in opposition or written certification of efforts made to give Defendant notice and reasons why notice should not be required.

Accordingly, Plaintiff's request for immediate, *ex-parte* injunctive relief is denied. Plaintiff may file, as a separate motion, a request for immediate, *ex-parte* injunctive relief.

IT IS SO ORDERED.

Dated: February 10, 2020　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2020.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager